**Electronically Filed
Intermediate Court of Appeals
29699
24-AUG-2011
08:48 AM**

NO. 29699

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


OLGA MARY LANSING, Plaintiff/Counterclaim-Defendant/
Appellant, v. NANCEE JENKO-CRISPIN, Defendant/Counterclaim-
Plaintiff/Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 06-1-1891)


SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding Judge, Fujise and Leonard, JJ.)

Plaintiff/Counterclaim-Defendant/Appellant Olga M. Lansing (Lansing) appeals pro se from the February 4, 2009 amended judgment entered by the Circuit Court of the First Circuit (circuit court)[1] in favor of Defendant/Counterclaim-Plaintiff/Appellee Nancee Jenko-Crispin (Jenko-Crispin).

Lansing filed this case seeking the return of a deposit she made as the winning bidder at a October 13, 2004 foreclosure auction.  Jenko-Crispin was the court-appointed commissioner overseeing the auction.  Arlette Harada (Harada) was Jenko-Crispin's attorney.

Lansing's Opening Brief fails to comply with Hawai'i Rules of Appellate Procedure (HRAP) Rule 28(b)(4) because it does not identify the alleged error committed by the court nor cite where in the record the alleged error occurred, where she objected to such error, or where it was brought to the attention of the court.  HRAP Rule 28(b)(4)(i)-(iii).  An appellant's

---

[1]     The Honorable Karen N. Blondin presided.

"failure to conform his [or her] brief to the requirements of HRAP Rule 28(b) burdens both the parties compelled to respond to the brief and the appellate court attempting to render an informed judgment" and would alone be grounds to dismiss an appeal. <u>Hous. Fin. & Dev. Corp. v. Ferguson</u>, 91 Hawai'i 81, 85-86, 979 P.2d 1107, 1111-12 (1999). However, as the appellate courts have "consistently adhered to the policy of affording litigants the opportunity to have their cases heard on the merits, where possible," <u>Bettencourt v. Bettencourt</u>, 80 Hawai'i 225, 230, 909 P.2d 553, 558 (1995) (citation and internal quotations omitted), we attempt to address Lansing's appeal.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lansing's points of error as follows:

(1) Lansing alleges the circuit court erred in accepting orders prepared by Harada. Under Rule 23 of the Rules of the Circuit Court of the State of Hawai'i (RCCH), it is routine practice in Hawai'i circuit courts that the prevailing party, or his or her attorney, prepare proposed orders, which the circuit court may then approve. RCCH Rule 23 is a procedural provision intended to expedite the court's business. <u>Rhoads v. Okamura</u>, 98 Hawai'i 407, 410, 49 P.3d 373, 376 (2002), <u>overruled on other grounds by</u> <u>Alford v. City & Cnty. of Honolulu</u>, 109 Hawai'i 14, 23, 122 P.3d 809, 818 (2005). The opposing side may object as to form prior to entry of the order. RCCH Rule 23(b). The circuit court cannot be said to have acted merely as a "stamp of approval" to the proposed orders prepared by Harada, given that it edited several of the orders before signing them and entering them.

(2) Lansing alleges that the circuit court acted "without her input" but fails to cite with any specificity where such an alleged error occurred. It is unclear what specific action of the circuit court Lansing claims as error here. Given that "[t]he appellate courts are not obliged to search the record

to crystallize the parties' arguments," <u>Laeroc Waikiki Parkside, LLC v. K.S.K. (Oahu) Ltd. P'ship</u>, 115 Hawai'i 201, 218 n.19, 166 P.3d 961, 978 n.19 (2007) (citing <u>Lanai Co., Inc. v. Land Use Comm'n</u>, 105 Hawai'i 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004)), we decline to consider this argument.

(3) & (4) Lastly, Lansing alleges that the circuit court failed to acknowledge Harada's fraud. Harada is not a party in this case. <u>See</u> Hawai'i Rules of Civil Procedure Rule 18, 21. Therefore, the circuit court had no authority to act on Lansing's complaints against Harada. <u>See</u> <u>Filipino Fed'n of Am., Inc. v. Cubico</u>, 46 Haw. 353, 372, 380 P.2d 488, 498 (1963) ("In order for the decree of the lower court to be binding upon such persons, they must be made parties to the suit, either as plaintiffs or defendants."); <u>Magoon v. Afong</u>, 10 Haw. 340 (Haw. Rep. 1896).

Appellants have "the burden of demonstrating that they are entitled to the relief sought before this court." <u>Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co.</u>, 116 Hawai'i 277, 309 n.21, 172 P.3d 1021, 1053 n.21 (2007) (citing <u>Bettencourt</u>, 80 Hawai'i at 230, 909 P.2d at 558). Lansing has not met that burden here.

Therefore, the February 4, 2009 amended judgment of the Circuit Court of the First Circuit against Lansing and in favor of Jenko-Crispin is affirmed.

DATED: Honolulu, Hawai'i, August 24, 2011.

On the briefs:

Olga Mary Lansing,
Plaintiff-Appellant, pro se.

Arlette S. Harada
(Ekimoto & Morris),
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3